Thank you, Your Honor. May it please the Court. The issue in this case is whether the District Court committed reversible plain error by imposing a 16-level enhancement for a crime of violence based on Mr. Birbal's prior New Jersey conviction for attempted sexual assault. The Court did commit reversible plain error. Section 201.2 imposes a 16-level enhancement for a forcible sex offense, including where consent is not legally valid or not given, such as where the consent is involuntary, incompetent, and coerced. New Jersey attempted sexual assault is not a crime of violence because it does not require that the consent be involuntary, incompetent, or coerced. Rather, all it requires is the lack of affirmative permission. There is no defense of consent. In fact, the victim's state of mind is irrelevant. New Jersey has replaced the defense of consent and consent itself and the state of mind of the victim with proof that the victim did not act in a way to affirmatively give consent. Professor Lefebvre remarks in his treatise that only a few jurisdictions have such an offense. Indeed, Professor Lefebvre remarks that the main case of MTS held that there was non-consent from the victim's failure to verbalize consent. In addition, Black's Law Dictionary defines consent as a voluntary yielding approval or permission, totally unlike the New Jersey offense. Given the clear state of New Jersey law at the time of the sentencing in this case, it was plain error for the district court to impose the 16-level enhancement. New Jersey would affirm a conviction when there's lack of freely given permission? Is that essentially? Yes, and that was the case in MTS. Has there been any prosecution that you can point to us leading to a conviction since MTS on that basis? I'm not aware of any, Your Honor, but MTS itself, in MTS itself, the victim says that she was asleep when she was assaulted. The perpetrator says, no, they engaged in much sexual activity and then had intercourse and then she said stop a few minutes into it. When was MTS? 1993, maybe? A long time. Miranda's been a long time too, Your Honor, but it's still good law. No, I know, but my point is, on plain error view, if we're looking for whether or not New Jersey would ever actually prosecute a case where there's lack of freely given assent. They did in MTS. I know that's your answer. MTS was 1992. So we haven't seen in New Jersey prosecution under that theory in 20 years. Well, I'm not sure about that. I'd be happy to brief it post argument. No, that's all right. But just legally then, why isn't that equivalent to the revised guideline where it can, including where consent is not given? Those sound hard to distinguish. Because where consent is not given, as I said in my 28J letter, is where the person is incompetent because of the way this Court, and I think the Fourth Circuit and the Ninth Circuit, has interpreted consent is not given. It's either actually not given or it's the person is incompetent or intoxicated or something like that. It's not where... Those are separate clauses. Incompetence, minor, or consent not given. But looked at that way, it seems... I think you would win under our pre-Enbanc Gomez-Gomez law because we had a narrow literalist view. Force requires force. But then in Gomez-Gomez, almost anticipating the revision, then you get the parenthetical that puts in this language, and then you get commentary afterwards saying this is explicitly to reverse the Fifth Circuit panel Gomez-Gomez decision. So it seems like what you've got is an identical fitting of an enumerated forcible sex offense. No, you don't, Your Honor, because consent under New Jersey law can be given and may be given, and you will still be guilty. In other words, this is hypothetical. A 19-year-old male has sexual intercourse in the parent's house. A 19-year-old female wants this to happen but just is inert, but says in their mind, I'm glad this is happening. The parent gets upset. The parent says, this guy should be prosecuted. Take the person, take the female down to the police station. The policeman says, did you want this to happen? Did you do any affirmative act to give permission? She says, no, I just laid there. Under New Jersey law, you're guilty. So consent can be given. I mean, it is a rarefied world of hypotheticals to imagine the situation. I still think even that hypothetical sounds like consent wasn't given. Consent is irrelevant. Well, not given in your hypothetical, and that's exactly what the revised parenthetical said, too. But not using Black's Dictionary, a consent is a voluntary yielding. Well, I'm not looking at Black's Dictionary. I'm saying the exact language of the revised forcible sex offense would seem to cover this situation. Let me ask it another way. Do you agree that the revised language expanded and supplanted Fifth Circuit law? Do I agree? Do you agree that the parenthetical inclusion about consent not given necessarily means forcible? Specifically, our court has said that expanded and supplanted our literalist view. Yes, it supplanted the viewpoint, but Amendment 722 specifically says how it supplanted it. It supplanted it to reach the cases previously, like Luciano Rodriguez, where the person had a mental disability, or the person was intoxicated, or those kinds of things. And this Court in Diaz-Corrado interpreted it that way. The Ninth Circuit has interpreted it to mean that there was no willing acquiescence, or the person was incapable due to incompetence or intoxication. So Diaz-Corrado, you didn't cite it, I don't think. I submitted a 28-J letter, Your Honor. I apologize. Oh, that's right. But there the Court says a sexual contact offense is necessarily forcible when that person does not consent. Right. And under New Jersey law, the person does consent. The person can consent. Well, let's take it from the other side. In her head. Let's take it from the other side. Because we know that for a phrase to have meaning, there has to be a way to disconfirm it, right? I mean, you can't say everything is white, and you say, well, is there something that's not white? And you say, no, everything's white. White has no meaning. So let's take it from the other side. Under New Jersey law, there is no defense of consent. You can put the person on the stand, and you can start to go into, did you want this to happen? And the objection is, that's irrelevant. So you cannot have consent as an element. I may be wrong, but again, we're talking about one case, MTS, and when you actually look at what the Court said there, if there's been no prosecution under this theory, the Court really was just giving the long history of rape law in New Jersey. And in a simple way of thinking of it, correct me if I'm wrong, it just said, you know, rape now will be like asked for. So all it did was bring it in line with battery case law. It didn't make some heightened, lesser proof for the crime of rape than any other physical touching. I disagree, Your Honor. I agree with Professor Lefebvre. I think his analysis is spot on, that they find non-consent from the lack of verbal expression to give permission. And I think Professor Lefebvre said it well in his treatise. With regard, let me address your question about cases following MTS. The reason I discussed at length MTS is because it was the decision that interpreted this statute. There may well be hundreds of cases or one case following MTS. I don't generally include cases and briefs that say the same thing. But I looked and I didn't find one. I'm pretty sure you looked. If you knew one now, you'd tell me. If I looked and if I knew one now, I would tell you. Right. So the fact that you say, I just don't put in hundreds of cases, if I'm asking you now, could you mention any one of the hundreds, you'd be able to tell me. But you don't have one. I'm happy to say I'm happy to look and see if there is one. As I'm saying, I'm suspecting we both look pretty hard. Well, I, Your Honor, I'm not here to question your legal research abilities. I'm sure they're very good. Well, in plain error review, and given the law, the very delicate law in crime of violence, it can't just be a hypothetical. You've got to be able to point to the fact that the state ever prosecuted under the theory you're articulating. Because here, what we're looking at is a disjunctive offense. So we're beginning to hypothesize that it's sexual offense, not through threat, but coercion. So we're imagining that world. And we're going back 20 years to a case. And then we're saying we've got this. Imagine, you know, she's in the hospital and she, in her head, may have consented. But we can't, neither of us can identify her, hasn't, or without more research. MTS is that case, Your Honor. I know. I know. That's what you say. That is the case. Because the only common thread between the female and the male is a lack of affirmatively given permission. Now, with regard to the age of the case, it's my understanding that that's the authoritative case. And I would posit that if there's no case to overrule it, then that is the state of the law. Not that we need newer cases to tell us it is the state of the law. If it hasn't been overruled, which is generally what I do, I try to shepherd eyes to see if it's been overruled, that is the state of the law. Your Honors, as I say in my brief, and I won't bore the Court with this, but there have been many decisions under plain error of view that have reversed under plain error without a case on point, most especially the Martinez case that reversed on plain error of view that found that New Jersey fourth degree lewdness was not a crime of violence from the general principles and from New Jersey precedent. But just to pursue our earlier colloquy, there, if I remember, Martinez, the Court identified multiple prosecutions of lewdness when a child wasn't even present. So we had a real set of prosecutions under this theory where you couldn't have harmed a child because he isn't even present. The person's exposing themselves and there's no child, right? Your Honor, I would just — I don't want to bore you, but it's the same answer. MTS — No, I'm not asking about the answers to MTS. I'm asking if I described correctly the Martinez holding. Did they identify — Yes. They did? Yes. Okay. But MTS fulfills the standard of a real case. Your Honors, if there are no further questions, I will reserve the rest of my time for rebuttal. Thank you. All right. Thank you, Mr. Sokol. You have revoked time. Ms. Wilson? May it please the Court. Not only did the District Court correctly apply the 16-level enhancement here to Burble's New Jersey conviction for attempted sexual assault, but this Court typically will not find plain error where it hasn't addressed an issue. Indeed, this Court has refused to find plain error even where an argument requires only extending existing precedent. In similar situations, this Court has recognized the tricky task crime of violence determinations can present. Therefore, the Court has found error isn't plain where case law construing criminal statutes is unclear or conflicting. Here, of course, the Court hasn't addressed whether New Jersey 14-2C1 is an enumerated offense, and it should refuse to find plain error, just as it did in the cases cited in the government's briefs such as Landoverdi and others. But if it's inclined to examine this issue, it should follow the Ninth Circuit's lead in Mendoza-Sosa. On the plain error, he identifies the Martinez case. We've got a New Jersey Supreme Court decision that stated what its law is. Therefore, if New Jersey has this aberrant, heightened standard where you won't be convicted without this elevated notion of consent, it would be seen to be plain error according to the authority that would propound on its loan laws. I disagree. You disagree that Martinez doesn't hold that? I'm saying that plain error should not apply here because not only has this Court not addressed it, but there is a case that I probably should have 28-J that recently came out, and Judge Stewart was on the panel. It was a little bit different. It's called Monterola. That case was a little different. The statute was different. The citation on that is 215 West Law 6445660. And of course, I don't mean to just come up here and start talking about a different case. But there, the Court looked under a different statute at the force or coercion under New Jersey law, and it had no quarrel with force. And I can talk about that case a little bit more if you'd like. But in relation to the MTS, as you recognize, Judge Higginson, the Court there was chronicling the history of rape. And as we all know, rape in the old days, if you will, the focus was on the victim, whether she had given her utmost resistance. And it was looked at through that microscope what the victim had done or what the victim hadn't done. And so New Jersey chronicles all of that, and including that really what this is about is essentially a battery and then some. So it focused on the modern meaning that the victim is no longer put on trial, that the burden is not on the victim to essentially prove that she was raped. It didn't change the character of the underlying offense. And that offense is that the defendant here under New Jersey law penetrated the victim. As Judge Higginson pointed out, there are – legal imagination has no place in terms of the hypotheticals or what have you. And but by requiring this physical force or coercion, the New Jersey offense necessarily involves victims who haven't consented to penetration. Essentially, there has to be a commission without permission. So if you don't have permission, you clearly don't have consent. But it's a little different because, as I said, instead of putting the victim on trial, we look at the defendant or a reasonable person. New Jersey talks about both. Whether the defendant or the reasonable person, there was enough evidence to believe that the victim had given permission for the defendant to go forward, if you will. And New Jersey talks about the delicate parsing, if you will, of the various, let's just say, acts. And does – You found a case where there's a New Jersey conviction on the theory that MTS stands for there will always be coercion unless the victim has explicitly invited the intercourse. There will always be coercion? That coercion is being defined so broadly that it's beyond what the model penal code says it is. And treatise writer Lefebvre has said New Jersey's created this almost non-coercion coercion. If you did that, you would seem to be, despite the language, outside of what we think is a generic forcible offense, even as expanded in 2008. If I understand what you're saying, no, I haven't found a case to that extent. But I think, as I said, I think the character of the New Jersey offense remains true to sexual assault or sexual contact or whatever you want to call it. What the New Jersey court essentially said was that the legislature intended to depart from the historical requirement that a victim actively resist force in order to prove she had not consented to invasion of her bodily integrity. So, again, the victim is no longer put on trial. The evidence can essentially be that the defendant penetrated this victim without her permission using other forms of evidence. Moreover, the guideline is not limited to just the lack of consent or invalid consent. It says a forcible sex offense includes where there's a lack of consent. It doesn't say that a forcible sex offense is where there is lack of consent. Otherwise, it would be far narrower. And as you pointed out, the guideline is broader than that. Would you, would your argument fail under the original Gomez-Gomez decision? Well, you said that it would. Well, I'm being provocative. I'm asking for your reaction. I mean, I did that to see what his... Well, Gomez... As I read it, it would. It looked like our court used to say a very literalistic view of force that... Yes. It was far narrower. So, this theory wouldn't... Yes. I mean, and I believe that there are cases from this court post or let's say post the 2008 amendment to the guideline where this court more or less says it broadened or supplanted it and that. And so the Gomez cases and its progeny no longer are good in relation to the forcible sex offense, or how that's defined, if you will. And so now coercion exists necessarily even when consent is not given? Well, in New Jersey, you would look to all of the facts. So, again, if the defendant were to say, put on some evidence to the extent that I had permission, New Jersey then requires the state to take the extra steps. But, again, it's commission without permission. I mean, that's how I've... My phrase that I've coined, how to remember all of this. But, for example, in the Ninth Circuit in Mendoza, the defendant had been convicted of criminal sex contact under 4-3B. And they pared that statute down to find that the defendant had committed an act of sexual contact by physical force or coercion, which is the same language in dispute here, namely 2-C-1. And the court had no difficulty in finding that 2-C-1 coupled with sexual contact, which, of course, is less than penetration, was a forcible sex offense. And in Mr. Sokolow's brief, he made mention of the plea colloquy, but what happened is there was essentially a Mendoza 1 opinion, if you will, and a petition for rehearing was filed. And similar arguments were made along the lines of what Mr. Bierbaul... Bierbaul, I'm sorry, I'm not sure how to pronounce his name, is making here. And what the court did is it came back in its second opinion and added the Almenaza site. And what it did, I think, is to clarify that it wasn't using the facts. And there, in the plea colloquy, the defendant had said, or had agreed to, rather, that he had touched the victim's breast without her consent. And by adding that Almenaza case, I think the court wanted to make clear that he had used the plea colloquy only for the modified categorical approach, to pare it down to the physical force or coercion prong, if you will. But in Mendoza-Sosa, the court definitely did not have any problem whatsoever finding that it was a force that this particular provision, coupled with the sexual contact, was a forcible sex offense. And, again, the Monterola case, the recent case, which I can 28J, was looking at it under the elements test. And in there, the court had no struggle whatsoever with the force component. And it was, as I said, under a different statute, but it was New York, again, looking at this force or coercion. And what was interesting about that case, however, is the court said, well, we have, you know, forces and element, but the concern here is coercion. And so the court discussed the coercion, and then concluded that some of the... We haven't, you know, we haven't seen this case. And your opposing counsel probably hasn't either. I know. And I apologize for that. I just saw that the other day, and so I would need to do it. But what was interesting about that... The Monterola matter? Pardon me? The Monterola case. Is that what you're talking about? I'm sorry? The Monterola matter? I can't remember the second name, but it is Monterola, yes. The recent case from our court. Yes, absolutely. The one I was on the panel. Yes, exactly. It's in the bench. Yeah, we've got it. I don't think opposing counsel... Go ahead. Okay, but anyway, that was a little bit different, because the court looked at the coercion and decided that, in fact, legal imagination had no place, just as I'm arguing in relation to our MTS and our particular statute here. So, unless the court has any additional questions, the government will yield the remainder of its time. Thank you. Mr. Sokolow, are you familiar with the Monterola matter? I'm familiar with the name, and it's out of our office, Your Honor. Well, it's about a month old. It was about a month old. But at any event, I mean, it's been out there. It didn't come out yesterday, so it's out there. But at any event, if you need an opportunity to respond to it or whatever, we'll certainly give you, you know, that opportunity. It's at least a month old. That's what I was going to request, Your Honor. Yeah. No, well, I mean... If the government thinks it was in its favor... Well, it's the same New Jersey statute, but it is a different subsection in it. It's not dead on this section, just so we're clear. But it is the New Jersey statute. But it's at least a month old that's out there. But to the extent that it's not in the brief and it's new, you certainly can have an opportunity to, you know, respond to it, if you will, in doing that. I would like that. Thank you, Your Honor. And just let me say that I'm not talking about Monterolo, but I am talking about MTS. MTS is specifically on that C1 subsection of with force or coercion without severe injury. So to the extent... And I haven't had a chance to brief Monterolo, but to the extent that Monterolo is not about that, I just wanted to point out to the Court that MTS is specifically on that subsection. Number two, I'm not sure what Mendoza 2 is. I responded to the government's brief and the cases they cited, so I'd like to have the opportunity to look into what Mendoza 2 is. Number three, I just request that you carefully consider the 28J letter I submitted on the meaning of Amendment 722 and of how this Court, the Fourth Circuit, and the Ninth Circuit, have interpreted the meaning of legally invalid consent or not legally given, because I think that the case law on that supports my position. If there are no further questions, Your Honor, I'd ask you to vacate the sentence and remand for resentencing. Thank you. May I approach you? Yeah, go ahead. Ms. Wilson, if you want to file the 28J, you may do so. Now, to be clear, 28J is to cite a new case, a case that's been out. It is abused by lawyers wholesalely by filing cases that have been on the books for eons. This fits 28J because it's a fairly recent case, and so you want to complete the book by filing the 28J, but a 28J should not be confused with a supplemental brief. And so, to the extent, though, Mr. Socolow, it's new, you won't be filing a 28J, but if you want to file some response to what the case says, you may do it. I'm going to give you both seven days after the day. File the 28J, and you got it. Judge King gave you. You can read it and whatever you want to say, but I'm telling you, I haven't been on the panel, it's a New Jersey statute, but it's not the same subsection. So it's not being offered to say it governs the case. So, is that good? All right. Thank you both. All right. Call up the next case, United States v. Mark Hebert.